UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NENE ROSS | CIVIL ACTION NO. 5:12-CV-02013 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| VARIETY WHOLESALERS, INC.<br>D/B/A MAXWAY'S | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Strike and Motion to Dismiss (Record Document 5) filed by the Defendant, Variety Wholesalers, Inc., ("Variety"). Variety moved for dismissal of certain counts of the complaint for failure to state a claim upon which relief can be granted; and for an order dismissing or alternatively staying the proceedings pursuant to the *Burford* abstention doctrine.

The Court notes that Plaintiff consented to strike all allegations regarding her worker's compensation claim, removed the constructive discharge count from her amended Complaint, and withdrew her claim for unequal wages. Therefore, those claims are now moot. Therefore, at this time, the only issue before this Court is whether the *Burford* abstention doctrine is applicable to this case. For the reasons set forth below, the Motion to Dismiss is **DENIED**.

**BACKGROUND**

Plaintiff, Nene Ross, filed the instant civil action "pursuant to 42 USC § 1981 and 42 USC § 2000e, et seq and the Americans With Disabilities Amendments Act" for various alleged employment related wrong-doings committed by her employer, Variety. Ross was hired by Variety on April 4, 2010 and was injured on the job on or about September 29,

2010. She has filed a separate worker's compensation claim regarding that incident, which is currently pending with the Louisiana Office of Worker's Compensation. After the incident, Ross continued to work with some limitations until November 2010 at which time Variety requested full medical clearance before Ross could return to work; however, Ross never returned to work for Variety. Ross filed suit in this Court after filing a complaint against Variety with the Equal Employment Opportunity Commission which provided Ross with a "Notice of Right to Sue" letter.

In this lawsuit, Ross alleges: (1) Variety refused to allow her to return to work due to her race, (2) Variety tolerated a racially hostile work environment at the location where Ross was the store manager, and (3) Ross did not receive accommodations which she alleges where due to her. Variety filed this Motion to Dismiss, or alternatively to stay the proceedings based upon the *Burford* abstention doctrine as applied to Plaintiff's pending worker's compensation claim with the Louisiana Office of Worker's Compensation.

## LAW AND ANALYSIS

I. **LEGAL STANDARD**

The *Burford* Abstention Doctrine requires a federal court to abstain from exercising its jurisdiction:

> (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;' *or* (2) where the 'exercise of federal review of the question in a case and in a similar case would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'

*New Orleans Public Service, Inc. V. Counsel of the City of New Orleans*, 491 US 350, 361 (1981) (citing *Colorado River Conservation Dist. V. United States*, 424 U.S. 800, 814

(1976)); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). Regarding the second way in which *Burford* abstention is applicable, the Fifth Circuit has provided that this determination "does not turn on whether the cause of action is alleged under federal or state law, but on whether the claim may be in any way entangled in a skein of state law that must be untangled before the federal case can proceed." *Sierra Club v. City of San Antonio*, 112 F.3d 789, 795 (5th Cir. 1997).

The Supreme Court has additionally provided that "abdication of the obligation to decide cases can be justified under this doctrine only in...exceptional circumstances. *Southwest Airlines Co. v. Texas Intern. Airlines, Inc.*, 546 F.2d 84, 92 (C.A.5 (Tex.), 1977)(internal citation omitted). The Fifth Circuit makes its determination regarding application of this abstention doctrine by examining five specific factors:

> (1) whether the cause of action arises under federal or state law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in that area; and (5) the presence of a special state forum for judicial review.

*Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 272 (5th Cir. 2009).

## II. ANALYSIS

Here, the original complaint contained discrimination and worker's compensation claims arising out of the Plaintiff's employment with the Defendant. Defendant argues that, pursuant to *Burford*, this court should abstain from exercising its jurisdiction to decide this case because the "Plaintiff is pursuing claims which arise from her alleged on the job injury." See Record Document 5-1 at 8. Further, the Defendant argues that any determination of the Plaintiff's claims by this Court will usurp the authority of the Louisiana Worker's Compensation resolution system. Defendant contends that the fact that the federal lawsuit and workers compensation claim both arise out of the Plaintiff's employment

with Variety. Plaintiff counters that the "*Burford* abstention doctrine only applies when a federal court is sitting in diversity jurisdiction and not federal question jurisdiction and abstains where there is a complex area of state law." See Record Document 10 at 2.[1]

Applying the *Moore* factors to the facts of this case, it is clear that use of *Burford* abstention would be inappropriate. Defendant provides a blanket statement of fact regarding the *Moore* factors, then alleges "there are facts in dispute in that proceeding before the worker's compensation tribunal which could either impact or contradict potential fact findings in this tribunal." Reviewing the *Moore* factors independently, this Court concludes that abstention is inappropriate. There are no exceptional factors that would justify the application of *Burford* in this case.

First, the cause of action in the instant case arises under federal law, specifically 42 USC § 1981 and 42 USC § 2000e, et seq and the Americans With Disabilities Amendments Act. The instant cause of action clearly arises under federal law and weighs heavily against abstention.

Second, the Defendant admits that this case does not involve an unsettled issue of state law. Therefore, the second factor also weighs against abstention.

Next, the Defendant states that there is an important state interest involved, i.e., a need for a coherent policy in that area, and the presence of a special state forum for judicial review. This Court agrees that the Louisiana administrative worker's compensation process is an important state policy. If the claim pending in this Court were limited to Plaintiff's

---

[1]This is completely erroneous statement of law. As the Supreme Court stated in *Zablocki*, "there is...no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of a state policy." *New Orleans Public Service, Inc. V. Council of City of New Orleans*, 491 U.S. 350, 363 (1989)(*citing Zablocki v. Redhail*, 434 U.S. 374, 380, n. 5 (1978)).

pending worker's compensation claims, the outcome may have been different. Federal courts do not have jurisdiction over state worker's compensation claims.[2] Plaintiff's First Amended Complaint (Record Number 9), however, provides that her civil action for damages is based only upon federal law.

Additionally, Plaintiff admits a "companion worker's compensation case pending in the Louisiana administrative law courts." See Record Document 10 at 3. Plaintiff eliminated Count Three on State Law Claims in her Amended Complaint, and, in no uncertain terms, states that she "makes absolutely no claim under Louisiana state law in this case." See Record Document 10 at 5. None of the federal law claims at issue in the instant case could be heard by the Louisiana Office of Worker's Compensation because it lacks jurisdiction over any claims other than worker's compensation claims brought pursuant to La. R.S. 23:1021 et seq.[3] Therefore, the worker's compensation claim clearly involves an important state interest for which a coherent policy is necessary and for which a special state forum has been established. This lawsuit is wholly independent of Plaintiff's worker's compensation claim.

Therefore, the Court rejects Defendant's argument that "this proceeding is nothing more than an attempt to move a pending state worker's compensation claim from the Louisiana worker's compensation resolution system to this court." (Memorandum in Support of Motion to Strike and Motion to Dismiss p. 7). Rather, the current lawsuit is an employment discrimination lawsuit arising under federal law, which is wholly separate and apart from the pending worker's compensation claim, and provides Plaintiff with federal

---

[2] 28 U.S.C. § 1445 (c)

[3] Supra.

rights and remedies that cannot be addressed by the Louisiana worker's compensation administrative process.

## CONCLUSION

Based on the foregoing analysis, the Court finds that the Plaintiff's appropriately amended their petition. The order to strike certain allegations in the original complaint are moot. Accordingly, that portion of the Defendant's Motion to Strike/ Dismiss is **DENIED** as moot. Additionally, for the reasons set forth above, Defendant's Motion to Dismiss or alternatively stay the proceedings pursuant to the *Burford* abstention doctrine is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of August, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE